USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/5/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
HENRY UBIERA,  :
 :
                           Plaintiff, :
 :
      -against- :
 :
UNITED STATES OF AMERICA, :
 :
                          Defendant. :
------------------------------------------------------------ x

**ORDER DENYING WITHOUT PREJUDICE PETITION TO SET ASIDE SENTENCE AND GRANTING LEAVE TO REPLEAD**

08 Civ. 8802 (AKH)
03 Cr. 894 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

On February 4, 2004, Petitioner, Henry Ubiera, without a plea agreement, pleaded guilty to a two-count indictment charging drug distribution and conspiracy. Following a two-day Fatico hearing, United States v. Fatico, 579 F.2d 707 (2d Cir. 1978), I sentenced Ubierra to seventy-five months in custody, followed by three years of supervised release. The sentence was ordered at a time that the Sentencing Guidelines were believed to be mandatory.

While Ubierra's appeal was pending, the Supreme Court issued United States v. Booker, 543 U.S. 220 (2005). The Court of Appeals reversed Ubierra's sentence and vacated it, with instructions to resentence Ubierra in conformity with Booker and United States v. Fagans, 406 F.3d 138 (2d Cir. 2005). See Mandate, issued June 6, 2005.

I resentenced Ubierra to the same terms of custody and supervisory review, following a hearing held September 16, 2005. I considered the several criteria of 18 U.S.C. § 3553(a) and held that they were satisfied by my original sentence, that Ubierra's lawyer had argued on the bases of these considerations at the original sentencing hearing and that his arguments had persuaded me to reduce the Offense Level

1

by two levels, from 28 to 26, and to sentence Ubierra mid-way within the range provided by the Guidelines for level 26.

The Mandate of the Court of Appeals provided that an appeal from the re-sentencing should be by separate notice of appeal. Ubierra filed his Notice of Appeal on September 26, 2005. On May 15, 2007, the Court of Appeals affirmed this court's decision.

On October 15, 2008, Ubierra filed the present petition for review of his sentence. I find, after review, that it is too vague and confusing to justify relief. See 28 U.S.C. § 2255(b). Accordingly, and pending an amended and clearer petition by Ubierra, I decline to order a response by the United States Attorney. Id.

Ubierra gives four grounds in support of his petition:

1. He claims that his counsel gave him ineffective assistance in failing to investigate "evidence favorable to defendant that could be used to impeach" a prosecution witness, without indicating what that evidence was or who the witness was. Ubierra also alleges that the witness was "intoxicated when rendered his false testimony," but there was no intoxicated witness at the Fatico hearing that I conducted. Finally, Ubierra claims that his counsel failed to move to suppress "witness statements," but my findings were based on the evidence at the Fatico hearing, not witness' statements. Without clarification by Ubierra, his allegations are impossible to understand or answer.

2. Again, Ubierra claims ineffective assistance because his counsel failed to request "Jencks" material on an unnamed "prospective witness," because his counsel failed to secure unnamed favorable witnesses, failed to request that the

government be required to prove relevant uncharged conduct beyond a reasonable doubt, and failed to argue that his prior felony convictions should not be counted. However, Ubierra's first and second points are too vague to be answered, his third point is frivolous because the accepted standard is relevance, a significantly lower standard than beyond a reasonable doubt, see Huddleston v. United States, 485 U.S. 681 (1988), and his fourth point also is frivolous because it was argued by his counsel.

3. Ubierra's third ground is that the government suppressed favorable material evidence. Again, the supposedly favorable evidence is not described, making the ground impossible to answer

4. Ubierra's fourth ground is that the prosecution knowingly used "false witness sworn testimony" to cause Ubierra's sentence to be increased because of relevant uncharged conduct. Again, the evidence is not described.

Petitioner, if he wishes to continue with his petition for review, must file an amended complaint by April 15, 2009, clarifying and making specific the allegations noted above. I will then set a date by which the government must file its opposition.

SO ORDERED.

Dated:   New York, New York
         March 5, 2009

                                              ALVIN K. HELLERSTEIN
                                              United States District Judge

3